Jara-Llivichuzca v. Sessions

BIA
Straus, IJ
A206 689 908

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand eighteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

OFELIA MARGARITA JARA-LLIVICHUZCA,
*Petitioner,*

v.                                          17-870
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:            Chad A. Readler, Acting
                           Assistant Attorney General;
                           Claire L. Workman, Senior
                           Litigation Counsel; Juria L.
                           Jones, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ofelia Margarita Jara-Llivichuzca, a native and citizen of Ecuador, seeks review of a March 2, 2017, decision of the BIA affirming a June 13, 2016, decision of an Immigration Judge ("IJ") denying Jara-Llivichuzca's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ofelia Margarita Jara-Llivichuzca,* No. A206 689 908 (B.I.A. Mar. 2, 2017), *aff'g* No. A206 689 908 (Immig. Ct. Hartford June 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on the plausibility of an applicant's account and inconsistencies in her or her statements.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  For the reasons that follow, we conclude that substantial evidence supports the agency's adverse credibility determination.

As the Government observes, Jara-Llivichuzca does not specifically challenge the inconsistency, omission, and implausibility findings underlying the adverse credibility determination.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008) (applying waiver doctrine to specific findings underlying credibility determination).  Moreover, our review of the record and the agency's decisions reveals that the findings are supported by the record and provide

substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Jara-Llivichuzca's testimony and application were inconsistent concerning how long she lived with her domestic partner, who or what motivated his decision to start a relationship with their child, how soon he became abusive after moving in, and how many times she left him after he resumed contact with their son. Moreover, Jara-Llivichuzca's application was facially implausible because it alleged that the abuse started on a date after she arrived in the United States. And she submitted a letter from a relative that both omitted the only incident of which the author had firsthand knowledge—a threatening visit from Jara-Llivichuzca's partner—and was inconsistent about when the abuse started, when she decided to flee Ecuador, and whether she ever spoke to the relative about the abuse. Contrary to Jara-Llivichuzca's position, these discrepancies are extensive and called into question the circumstances of her relationship with her partner, when and how the abuse commenced, the duration of the abuse and her responses to it, and her family's knowledge of the abuse. Because these discrepancies relate to the very harm

4

on which her claim is based, the "totality of the circumstances" supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 166 ("Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (quotation marks omitted)); *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence for adverse credibility determination).

The credibility determination is dispositive of the asylum, withholding of removal, and CAT relief claims because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore decline to consider the agency's alternative determination that Jara-Llivichuzca failed to provide or explain the absence of corroborating evidence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk